United States District Court
Southern District of Texas
**ENTERED**
February 21, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MELQUIADES MENDIOLA, JR.<br>Plaintiff | § § § § | |
| vs. | § | CIVIL ACTION NO. M-16-404 |
| | § § | |
| CAMERON COUNTY D.A., et al.<br>Defendants | § § | |

**REPORT & RECOMMENDATION**

Plaintiff, a state prisoner proceeding pro se and in forma pauperis ("IFP"), has filed a complaint under 42 U.S.C. § 1983, as well as a number of motions in which he raises random, unrelated claims against a bevy of Defendants. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case is ripe for summary disposition on the record.

After a review of the record and relevant law, the undersigned respectfully recommends that Plaintiff's claims against the named Defendants be **DISMISSED** with prejudice as frivolous and/or for failure to state a claim and that Plaintiff's *pro se* Motion for Injunctive and Declaratory Relief and Motion for a More Definite Statement be **DENIED**. It is also recommended that Plaintiff be warned that dismissal of this lawsuit for the recommended reasons constitutes a "fifth strike" under 28 U.S.C. § 1915(g), that he is precluded from proceeding IFP unless he can establish he is under imminent danger of serious physical injury, and that his failure to comply with this court order could result in sanctions. Lastly, it is recommended that the case be closed.

## I. NATURE OF THE CASE & RELEVANT BACKGROUND

Pursuant to the screening provision of the IFP statute, service did not issue in this case, and no answers have been filed.

Petitioner proceeds pro se. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Pleadings filed by a pro se litigant are entitled to a liberal construction. *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 n.16 (5th Cir. 1996)).

Suing on his own behalf and the behalf of a minor child, Plaintiff asserts a hodgepodge of claims against a number of Defendants, including the Cameron County District Attorney, the Director of the FBI, the FBI, the Texas Department of Criminal Justice, and the Texas Department of Public Safety. The claims are predicated on civil-rights causes of action, the Federal Tort Claims Act, the Alien's action for Tort statute found at 28 U.S.C. § 1350, and miscellaneous state law causes of action, such as defamation. Plaintiff's claims are very difficult to discern because his pleading is incomprehensible for the most part.

A search of Plaintiff's name in CM-ECF reflects that he is a serial litigator. *See* FED. R. EVID. 201 (stating that a judicially noticed fact must be one not subject to reasonable dispute and capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *Missionary Baptist Found. of Am., Inc. v. Huffman*, 712 F.2d 206, 211 (5th Cir. 1983) ("A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom."). He has filed numerous lawsuits in the Southern District of Texas. Many of his current and previous claims tend to resemble each other. From what can be discerned from his pleadings in this instant action, Plaintiff appears to assert the following

allegations: malfeasance by the Cameron County District Attorney's Office and the FBI led to his wrongful imprisonment; he is falsely imprisoned; the authorities failed to properly investigate and prosecute a sexual assault case against a minor child; federal agencies somehow fraudulently used Plaintiff's business or caused its demise; the Cameron County D.A.'s Office released defamatory information about Plaintiff to local news channels; the TDCJ is denying him adequate medical care or otherwise violating his constitutional rights in relation to his medical care and medical records. (*See* Dkt. Entry Nos. 2; 4; 5; 6.) Plaintiff provides few comprehensible facts in support. Plaintiff does not state with any degree of legal or factual clarity the type of relief he seeks from this Court. (*See, e.g.*, Dkt. Entry No. 2 at 4.)

## II. STANDARDS OF REVIEW

Plaintiff is a state prisoner proceeding IFP. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of Plaintiff's complaint, or any portion thereof, is permitted if the Court finds that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In addition, because each Defendant named in this lawsuit is either a governmental agency or official, the Court has the authority to dismiss sua sponte Plaintiff's complaint or any portion thereof for frivolity, failure to state a claim, maliciousness, or seeking monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915A(a)–(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. An example of an indisputably meritless legal theory is "if the complaint alleges the violation of a legal interest which clearly does not exist."

*Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). "[D]ismissal of an *in forma pauperis* suit as frivolous under section 1915(d) is appropriate when: (I) the claim's realistic chance of success is slight; or (ii) the claim has no arguable basis in law or fact." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). District courts have broad discretion in determining whether a complaint is frivolous. *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir. 1989).

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citations and quotations omitted). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), this Court is not required to accept as true legal conclusions couched as a factual allegations, *Iqbal*, 129 S. Ct. at 1950.

### III.  RELEVANT LAW, ANALYSIS, AND CONCLUSIONS

Plaintiff's claims are subject to sua sponte dismissal under §§ 1915, 1915A for the following reasons.  The undersigned notes that the reasons supporting dismissal tend to overlap analytically and are not mutually exclusive of each other.  First, his claims are frivolous and/or fail to state a claim because the claims are incomprehensible—legally and factually.  Plaintiff is a serial litigator in this District, and it is evident from his other lawsuits that, in all likelihood, ordering Plaintiff to clarify his claims would be futile or of limited value to the Court's ability to dispose of Movant's claims, and that, under liberal pleading standards and considering the tools available to the Court for screening prisoner litigation (such as hearings and *Martinez* reports), it is evident that summary dismissal, without further development of the record or claims, is appropriate.  Second, Plaintiff's claims are frivolous and/or fail to state a claim to the extent he has already litigated many of the same factual and legal issues—sometimes against the same defendants—without success in previous lawsuits in this District, such as in B-13-236 (identical defendants and the same or *very* similar factual issues), B-16-007 (same as B-13-236), and H-14-2317 (suit concerning inadequate medical care in prison or the denial of medical care, which is an issue Plaintiff mentions in this instant case).  To that end, Plaintiff's allegations and claims are duplicative and subject to dismissal under §§ 1915, 1915A.  *See, e.g., Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (explaining that, as a general rule, a district court is fully justified in dismissing a non-pauper or pauper complaint "that is duplicative of prior federal court litigation then being pursued by the same plaintiff"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (explaining that a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit or "repetitious litigation of virtually identical causes of action" is subject to dismissal under 28 U.S.C. § 1915(d) as frivolous

or malicious). Notwithstanding the liberal pleading standards afforded to *pro se* litigants, Plaintiff cannot raise the same facts and issues in this instant lawsuit that have been raised and disposed of in prior lawsuits, nor does suing on behalf of a minor in this instant case or basing the claims on a different statute or cause of action—and then mailing the pleading to a different Division—spare the claims from sua sponte dismissal under the prisoner-litigation screening statutes.

In addition, the undersigned points out that Plaintiff's eligibility to proceed IFP in this case is dubious. Although he filed his IFP application in this Court in 2015, it was not granted by a magistrate judge until July 2016. In that time, Plaintiff accumulated "three strikes." In other words, while Plaintiff's application for leave to proceed IFP was pending before this Court, Plaintiff accumulated "three strikes" under 28 U.S.C. § 1915(g) (the IFP statute), which states that a prisoner who has 3 or more prior actions or appeals which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted is prohibited from bringing any more actions or appeals IFP unless the prisoner is under imminent danger of serious physical injury.[1] However, Plaintiff did not convey that information to this Court, even though his IFP application was still pending. The issues Plaintiff mentions in this instant case relate to (1) matters of his medical care that were reviewed thoroughly and dismissed by Judge Atlas in H-14-2317 in May 2016, such as his medical treatment at UTMB in Galveston, (2) matters that were disposed of in the Brownsville cases (*e.g.,* the conclusion that Plaintiff is barred under *Heck v. Humphrey* from seeking relief under § 1983 for claims related to his conviction because the conviction is still valid), (3)

---

[1] In May 2016, in cause number H-14-2317, the Honorable District Judge Nancy Atlas issued a "fourth strike" when dismissing Plaintiff's lawsuit and, at the same time, detailed all of the strikes Plaintiff has accumulated in cases in the Southern District of Texas in B-13-236 and B-15-80 and in one appeal to the Fifth Circuit, *Mendiola v. Cameron County Dist. Attorney's Office*, 2016 WL 1055740, 638 F. Appx. 417 (5th Cir. Mar. 16, 2016).

matters from the distant past, perhaps even events that occurred prior to or in connection to his conviction, and (4) recent refusals by UTMB or TDCJ to provide copies of medical records to Plaintiff. (*See* Dkt. Entry No. 4 at 3–5.) To that end, Plaintiff does not begin to establish that he is in imminent danger of serious physical injury and, therefore, is permitted to proceed IFP, despite having three strikes.

The undersigned also notes that, in reviewing Plaintiff's pleadings, it is apparent Plaintiff did not comply with the instructions on his standardized § 1983 application. Specifically, the application asks Plaintiff to list previous lawsuits he has filed in state or federal court concerning his imprisonment. Plaintiff left this section, entitled "Previous Lawsuits," blank. A search of Plaintiff's name in CM-ECF reflects an extensive litigation history in the Southern District of Texas, which means that Plaintiff has failed to disclose *all* of the lawsuits, including appeals, that he has filed in various state and federal courts concerning imprisonment. To that end, his pleading is deficient.[2]

Although Plaintiff's pleading is deficient and his eligibility to proceed IFP is in serious doubt, the undersigned nevertheless recommends that the Court dismiss this action under the prisoner litigation screening statutes because Plaintiff's claims are frivolous and/or fail to state a claim. With that conclusion, the undersigned recommends that Plaintiff be warned and advised that:

(1) This dismissal constitutes a **FIFTH STRIKE** against Plaintiff;

---

[2] Plaintiff's decision to leave the "Previous Lawsuits" section blank raises concern about Plaintiff's transparency with this Court. This lack of transparency—and Plaintiff's propensity to file duplicative, frivolous lawsuits across this District—underlie the warning to Plaintiff about sanctions, as expressed in the next paragraph.

(2) Plaintiff is **PRECLUDED** from bringing a civil action or appeal IFP unless he can establish he is under imminent danger of serious physical injury; and,

(3) Plaintiff's failure to abide by or comply with this IFP preclusion order could result in sanctions.

### IV.  CONCLUSION

### *Recommended Disposition*

After a review of the record and relevant law, the undersigned respectfully recommends that Plaintiff's claims against the named Defendants be **DISMISSED** with prejudice as frivolous and/or for failure to state a claim and that Plaintiff's *pro se* Motion for Injunctive and Declaratory Relief and Motion for a More Definite Statement be **DENIED**.  It is also recommended that Plaintiff be warned that dismissal of this lawsuit for the recommended reasons constitutes a "fifth strike" under 28 U.S.C. § 1915(g), that he is precluded from from proceeding IFP unless he can establish he is under imminent danger of serious physical injury, and that his failure to comply this court order could result in sanctions.  Lastly, it is recommended that the case be closed.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the parties by any receipted means.

**DONE** at McAllen, Texas, this 21ST day of February, 2017.

_____ *Dorina Ramos* _____
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE